UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LONNIE JOHNSON                      CIVIL ACTION NO. 14-cv-2794

VERSUS                              JUDGE HICKS

ANDRE ROGERS, ET AL                 MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Lonnie Johnson ("Plaintiff") is a self-represented inmate who filed this action against Caddo Parish Deputy Andre Rogers, Sheriff Steve Prator, and Commander Robert Wyche. Plaintiff alleges that Rogers subjected him to excessive force by use of a chemical spray and slamming him to the ground.  Plaintiff alleges that there was no reason for the use of force, and he was found not guilty of disciplinary charges filed by Rogers.

Before the court are two motions by Defendants.  Prator and Wyche join in a Motion to Dismiss (Doc. 26) on the grounds that the complaint does not include any allegations against them.  All three defendants join in a Motion for Summary Judgment (Doc. 29) on the grounds that Plaintiff did not timely exhaust his administrative remedies before he filed this action.  For the reasons that follow, both motions should be granted.

**Exhaustion of Administrative Remedies**

Defendants' motion for summary judgment is based on the provision in 42 U.S.C. § 1997e(a) that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted." The statute requires proper exhaustion in accordance with prison or jail procedures. Woodford v. Ngo, 126 S.Ct. 2378 (2006). Its reference to actions "with respect to prison conditions" is interpreted broadly and includes excessive force claims. Porter v. Nussle, 122 S.Ct. 983 (2002).

Defendants have submitted a certified copy of the Inmate Handbook that is provided prisoners at the Caddo Correctional Center. It includes provisions for a  two-step administrative remedy procedure. It begins with the inmate completing and sending to the bureau commander a grievance form that briefly sets out the basis for the claim and the relief sought. The handbook provides that the grievance "must be delivered to the bureau commander or designee within 30 days of an alleged event." It also provides that all requests will be screened and will be rejected if, among other things, there has been "a time lapse of more than 30 days between the event and the initial request."

Sgt. Gilbert Roraback testifies by affidavit that he is the grievance officer at the jail, and his review of the grievance files indicates that Plaintiff did not file his grievance about the September 11, 2014 incident with Andre Rogers until more than five months later on February 18, 2015. A copy of the grievance, which complains about the same incident alleged in the complaint, is dated by Plaintiff in two places as February 18, 2015. Plaintiff states in his grievance that the date of the incident was September 11, 2014. The bureau commander's designee rejected the grievance as untimely. The Supreme Court has held that an untimely prisoner grievance is not proper exhaustion of a claim. Woodford, 126 S.Ct. at

2386 ("[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ...").

Plaintiff has filed two items in response to the motion. The first is a declaration (Doc. 43) in which Plaintiff sets forth the facts underlying his complaint but does not address the exhaustion issue. The second is a two-page filing (Doc. 46) in which Plaintiff states that he only "recently found out about the ARP requirement from another inmate" familiar with the rules. He adds: "Plaintiff avers under penalty of perjury that he never received an inmate handbook because of being admitted directly to medical, a circumstance beyond his control."

Defendants filed a reply memorandum (Doc. 47) and attached a copy of a document signed by Plaintiff in September 2012, long before these events, stating that he had been informed of the administrative remedy procedure, was informed that it had specific deadlines that must be met, and that he had received an inmate handbook and been told that the full administrative procedure was set forth in it. Defendants also attached a copy of a grievance about another matter that Plaintiff filed on August 26, 2014 (between the date of the incident and the date of the grievance in this case) about an incident that happened that very day.

A similar dispute was recently addressed in Leggett v. Lafayette, __ Fed. Appx. __, 2015 WL 1609145 (5th Cir. 2015). A deputy moved for summary judgment based on a failure to exhaust administrative remedies, and he presented evidence that all inmates received a copy of the inmate handbook with the applicable rules. Plaintiff responded with a declaration that he did not receive an inmate handbook when he was booked because he had been placed on suicide watch and not given any documents. The Fifth Circuit affirmed

summary judgment for the deputy despite this factual dispute.  That was because even if the prisoner was not informed of the relevant grievance procedure, there was uncontested evidence that indicated "a specific grievance procedure was in place at the time, its contours were knowable, and no one attempted to dissuade Leggett from using it."  Thus, even if a prisoner does not receive a copy of the inmate handbook at booking, that fact does not render the jail's administrative grievance procedures unavailable.

Plaintiff asserts that he did not receive an inmate handbook at booking and only recently learned of the ARP requirements.  The record shows, however, that a grievance procedure was in place at the time, and the court knows from past litigation that it has long been in place and consistently enforced.  The rules were knowable, and there is no evidence that any jail official attempted to dissuade Plaintiff from using the grievance process.  To the contrary, the record shows that when Plaintiff did timely file a grievance it was accepted and addressed.  Based on Leggett v. Lafayette and the similar record in this case, Defendants are entitled to summary judgment on the exhaustion defense.

**Prator and Wyche**

Sheriff Prator and Commander Wyche are entitled to summary judgment on the exhaustion defense.  They are also entitled to dismissal based on their motion to dismiss, which points out that the complaint does not contain any allegations against them.  A sheriff or other supervisor can be held liable under Section 1983 only for his or her own acts or omissions.  The doctrine of respondeat superior does not apply, so Section 1983 does not permit a cause of action based on the conduct of subordinates.  Stewart v. Murphy, 174 F.3d

530, 536 (5th Cir. 1999).  To state a cause of action under Section 1983, the plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged."  <u>Woods v. Edwards</u>, 51 F.3d 577, 583 (5th Cir. 1995).  Plaintiff did not make any allegations against Prator or Wyche  that would satisfy this standard.

**With or Without Prejudice**

Sheriff Prator and Commander Wyche are entitled to dismissal with prejudice for failure to state a claim against them.  Plaintiff asks that if the court dismisses his claims for lack of exhaustion, which is the only defense raised by defendant Rogers, it do so without prejudice so that Plaintiff can refile this suit.  Plaintiff states that he has already submitted and had rejected a second grievance on this claim.

Once Plaintiff missed the 30-day deadline to submit a grievance on his excessive force claim, it became very unlikely that he would ever be able to properly exhaust a claim regarding that incident and file a suit that would not be subject to an exhaustion defense. Plaintiff has not articulated how he might do so.  The court has addressed similar situations in cases such as <u>Fitch v. LA Dept of Pub. Safety & Corr</u>., 2009 WL 1076749, *3 (W.D. La. 2009) and explained the heavy burden that unexhausted and improperly exhausted prisoner complaints place on the courts and society.  The proper disposition of such complaints is dismissal with prejudice to refiling the complaint as a pauper.

Accordingly,

IT IS RECOMMENDED that defendants  Prator  and Wyche's Motion to Dismiss

(Doc. 26) be granted and that all claims against them be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. 29) be granted and that Plaintiff's claim against Andre Rogers be dismissed with prejudice to refiling it in forma pauperis.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of June, 2015.



Mark L. Hornsby
U.S. Magistrate Judge